IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LOUIS MICHAEL GOULET, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:19cv00701 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MAJOR ERIC YOUNG et al., | ) | By: Michael F. Urbanski |
|     Defendants. | ) | Chief United States District Judge |

Louis Michael Goulet, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that the defendants denied him adequate medical treatment for his broken arm. The defendants filed a motion for summary judgment and this matter is ripe for disposition. After reviewing the record, the court will deny the defendants' motion for summary judgment.

I.

Goulet alleges that on Sunday, May 12, 2019, while housed at the Middle River Regional Jail ("Middle River"), he fell in his cell and broke his arm. Forty-five minutes later, when an officer was passing by his cell, Goulet told the officer that he needed to go to the medical department. Goulet was taken to the medical department where a nurse "briefly" looked at his arm in the presence of several officers and said that "nothing was wrong with his arm," she was "not sending him to the hospital," and that there would be several nurses working the next day so she would "let them worry about it." Goulet was given Motrin and a sling and sent back to his cell. The next day, Goulet "tried all day" to have someone take him to the hospital, but was told that "a broken arm . . . is not a serious injury." At pill call that day, a nurse and an officer told Goulet that they would "get back in touch with" him, but they never did. Later that day, when an officer was passing out razors, Goulet again requested medical treatment. Within minutes, Goulet was taken to the medical department where he learned that there was no record of him being seen there the day before. The nurse examined his arm and told him that he needed to go to the hospital right

away, but another nurse decided that they should notify the doctor and get Goulet's arm x-rayed before taking him to the hospital. Thirty-three hours after his fall, Goulet's arm was x-rayed. On May 14, 2019, Goulet filed an inmate grievance, complaining that he had not yet seen a doctor and that nurses had refused to help him or provide him pain medication. In the grievance, Goulet asked to see a doctor and for medical care. Later that day, and sixty hours after his fall, Goulet saw a doctor for the first time and learned that he would need surgery to fix his broken arm. Goulet had surgery to install a steel plate in his arm on May 20, 2019. On May 22, 2019, a nurse responded to Goulet's inmate grievance stating that he had seen a doctor and had been scheduled to receive surgery. Goulet did not appeal this grievance response.

## II.

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted). In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. See

id. at 255; Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

### III.

Defendants argue that Goulet failed to exhaust available administrative remedies before filing this action, as required by 42 U.S.C. § 1997e(a). For the reasons stated herein, the court will deny defendants' motion for summary judgment.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust all available administrative remedies, whether or not they meet federal standards or are plain, speedy, or effective, Porter, 534 U.S. at 524, and even if exhaustion would be futile because those remedies would not provide the relief the inmate seeks. Davis v. Stanford, 382 F. Supp. 2d 814, 818 (E.D. Va. 2005).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. Moore v. Bennette, 517 F.3d 717, 725, 729 (4th Cir. 2008); see Langford v. Couch, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he second PLRA amendment made clear that exhaustion is now mandatory."). An inmate's failure to follow the required procedures of the prison's administrative remedy process, including time limits, or to exhaust all levels of administrative review is not "proper exhaustion" and will bar the claim. Woodford v. Ngo, 548 U.S. 81, 90 (2006). But, the court is "obligated to ensure that any defects in administrative

exhaustion were not procured from the action or inaction of prison officials." Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); see Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a). An administrative remedy is not available "if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d at 725.

In support of the defendants' motion for summary judgment, defendant Superintendent Newton provided a declaration and attached the Middle River Inmate Handbook that outlines the grievance process at Middle River. An inmate at Middle River who wishes to submit a grievance must first attempt to resolve a concern informally. If the situation is not resolved to the inmate's satisfaction, he may request a grievance form. A grievance form must be submitted within thirty days of the incident which is the basis of the grievance. "If [the inmate] disagree[s] with the response to [the] grievance, [he] may appeal" using a grievance appeal form. Appeals must be submitted within two days after receipt of the grievance response. Appeal decisions are final.

Defendants argue that although Goulet filed an inmate grievance, he did not appeal the response and, thus, he has not completed the grievance procedure at Middle River. In response to this, Goulet states that he did not appeal the response, because he did not disagree with the response, which was given to him after he had already seen the doctor and received the necessary arm surgery.

There is no dispute that Goulet attempted to informally resolve his request for medical treatment. There is also no dispute that Goulet subsequently filed a timely grievance, that he received a response to that grievance after he received the medical treatment that he sought, and that he did not appeal the grievance response. Typically, failure to appeal the denial of a grievance

4

would result in a claim being unexhausted. However, in light of the facts that Goulet received the relief he sought from the grievance before getting a grievance response, and that Middle River's grievance policy only requires an appeal where the inmate "disagrees" with the response, the court cannot find that Goulet failed to exhaust administrative remedies or that the defendants are entitled to summary judgment as a matter of law on this basis. See e.g., Toomer v. BCDC, 537 F. App'x 204, 206 (4th Cir. 2013) (after receiving a favorable outcome on the merits of his grievance at a lower step in the process, inmate was not obligated to pursue an administrative appeal in order to exhaust his administrative remedies); Q.F. v. Daniel, 768 F. App'x 935, 942-43 (11th Cir. 2019) (the PLRA does not require inmates to continue filing or appealing grievances after obtaining favorable relief; and citing other circuits).

## IV.

For the reasons stated, the court will deny defendants' motion for summary judgment.

**ENTER**: This 11th day of August, 2020.

Michael F. Urbanski
Chief U.S. District Judge
2020.08.11 18:20:10
-04'00'

Michael F. Urbanski
Chief United States District Judge